**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MAXIMA LUNA,**

     Plaintiff

-VS-                          CASE NO.:     6:14-cv-574-Orl-18TBS

**VERIZON WIRELESS PERSONAL
COMMUNICATIONS, L.P. d/b/a
VERIZON WIRELESS, and
RECEIVABLES PERFORMANCE
MANAGEMENT, LLC.,**

     Defendant.

_____/

## COMPLAINT

1.     Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2.     This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and cost.

3.     Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statute.

4.     The alleged violations and conduct of Defendants described in the Complaint occurred in Volusia County, Florida.

## FACTUAL ALLEGATIONS

5.     Plaintiff, MAXIMA LUNA, is a natural person, and citizen of the State of Florida, residing in Volusia County, Florida.

6.      Plaintiff is a "debtor" or "alleged debtor" as defined by Chapter 559.55(2), Florida

Statutes.

7.      Plaintiff is a "consumer" as defined in Florida Statute 559.55(2) and as defined in 15

U.S.C. §1692(a)(3).

8.      Plaintiff is the "called party". See _Soppett v. Enhanced Recovery Co., LLC,_ 679 F.3d 637,

643 (7th Cir. 2012) reh'g denied (May 25, 2012).

9.      The debt that is the subject matter of this complaint is a "consumer debt" as defined by

Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(5).

10.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (386)

479-3625, and was the called party and recipient of Defendant, RECEIVABLES

PERFORMANCE MANAGEMENT, LLC., (hereafter "RPM"), hereafter described calls.

11.     Defendant VERIZON WIRELESS PERSONAL COMMUNICATIONS, L.P. d/b/a

VERIZON WIRELESS (hereinafter "VERIZON"), is a corporation and a citizen of the State of

New Jersey with its principal place of business at One Verizon Way, VZ52N068, Basking Ridge,

New Jersey, 07920.

12.     Defendant, VERIZON, consents of and has knowledge and control of the collection

activities of their agents and representatives, including supervisors, managers, affiliates,

subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees,

collectors and/or contractors; including, but not limited to: "I.C. System, INC.", "Afni, Inc." and

"Receivables Performance Management, LLC."

13.     Defendant, VERIZON, is a "creditor" as defined by Florida Statute 559.55(3) and 15

U.S.C §1692(a)(4).

14.     Defendant, VERIZON, followed their corporate policy when collecting from the

Plaintiff.

2

15.     Defendant, VERIZON, attempted to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

16.     Defendant, RPM, is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

17.     Defendant, RPM, is a "debt collector" as defined in Florida Statues 559.55(6) and 15 U.S.C §1692(a)(6).

18.     Defendant, RPM, consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for an alleged debt of $499.45 for account/reference #36429721.

19.     Defendant, RPM,  attempted to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

20.     In or about September of 2012, Plaintiff received a telephone solicitation call to her residential telephone number (386-742-1545), from a representative of Defendant, VERIZON, offering a free trial of two cell phone lines, which included two free cellular telephone units. Plaintiff was promised and assured that if she was not satisfied with the service and/or the devices, she could return the cellular telephones and there would be no binding contract or penalties applied. Plaintiff agreed to the terms and conditions as she was told.

21.     Shortly thereafter the September 2012 phone conversation with Defendant VERIZON, Plaintiff received a package with the promised cellular telephone units, which she identified as "refurbished" and returned immediately to avoid any potential penalties (See Composite exhibit "A", mailing receipts for returned items).

22.     In or about the end of September of 2012, Plaintiff received contract paperwork from

Defendant VERIZON, and was informed that at the time of her initial, aforementioned phone conversation with an agent, she had been unknowingly entered into a two year contract with Defendant VERIZON.

23.     In or about November of 2012, agents and/or representatives from Defendant,

VERIZON began calling to Plaintiff's home telephone number (386) 742-1545 and sending statements regarding an outstanding balance of $423.27 for early termination of contract and activation fees.

24.     On more than one occasion Plaintiff explained to an agent and/or representative of Defendant VERIZON, that she never agreed to a two year service contract agreement. She never signed any contract nor did she authorize the electronic signature of any document. Furthermore, Plaintiff had returned the telephones within the trial time frame, as she was instructed in her initial conversation, and therefore she understood that there was to be no balance owed to Defendant VERIZON.

25.     From November 2012 to April 2013 Plaintiff continued to receive calls to her home telephone number and statements from Defendant VERIZON, despite her explaining she had returned the telephones, and disputing the validity of the debt.

26.     In or about April of 2013, Plaintiff received a call from an agent or representative of Defendant VERIZON, threatening to send her account to collection companies. Despite actual knowledge that Plaintiff returned the equipment during the free trial period, Defendant VERIZON, ignored Plaintiff's dispute and engaged collection agencies to collect the alleged debt from Plaintiff.

27.     In or about April of 2013, Defendant intensified their harassment and abuse by engaging a debt collector, Defendant, RPM, to collect a debt they knew Plaintiff did not owe.

28.     In or about May of 2013, Plaintiff received collection letters and calls to her residential

telephone line claiming an outstanding balance of $499.45 for a debt with Defendant VERIZON (See Composite Exhibit "B").

29.     On September 4, 2013 at 12:58 p.m., Plaintiff received a call to her cellular telephone number, (386) 479-3625, from an agent from Defendant, RPM, at (310) 703-57-85, and was told that her account with Defendant, VERIZON had been placed in collections with their agency.

30.     Between September of 2013, through the filing of this Complaint, Defendant, RPM, called the Plaintiff approximately one hundred (100) times at her aforementioned cellular telephone number in an attempt to collect the alleged debt and in violation of the TCPA. (Please see attached Exhibit "C" representing 16 calls from January 26, 2014 through March 12, 2014).

31.     On or about January 26, 2014, Plaintiff spoke with an agent of Defendant, RPM, by the name of "Zoila" and told them to please stop calling her cell phone, as she had returned the telephone units and did not owe any money to Defendant, VERIZON, and had disputed this debt.

32.     Upon information and belief, each call Defendant, RPM,   made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

33.     Each call Defendant, RPM,   made to the Plaintiff's cellular phone was done so without the "express permission" of the Plaintiff.

34.     Defendant RPM, attempted to collect a debt from the Plaintiff by this campaign of
 harassing telephone calls.

35.     Defendant RPM, intentionally harassed and abused the Plaintiff on numerous occasions by calling several times in one day, and on back to back days, with such frequency as can reasonably be expected to harass.

36.     Despite actual knowledge of their wrongdoing, Defendant, RPM, continued the campaign

Case 6:14-cv-00574-GKS-TBS   Document 1   Filed 04/10/14   Page 6 of 10 PageID 6

of abuse against Plaintiff.

37.     On or about January 26, 2014, Plaintiff verbally revoked any express consent Defendant RPM had or believed to have had to place telephone calls to Plaintiff's cellular telephone and/or home telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

38.     What followed was a campaign of abuse and harassment of illegal phone calls and contacts that continued through the filing of this Complaint.

39.     Defendant, RPM, has a corporate policy to continue calling individuals despite those individuals asking calls to stop.

40.     Defendant, RPM, followed their corporate policy when collecting from the Plaintiff.

41.     Each call Defendant, RPM,   made the Plaintiff was an intentional and willful violation of the TCPA.

42.     None of Defendant's telephone calls placed to Plaintiff's cellular telephone were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

43.     Plaintiff suffered actual damages as a result of these illegal collection communications by Defendants, VERIZON & RPM, in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

44.     Because of the stress, anxiety, and embarrassment from the continued calls and threats by the Defendants, VERIZON and RPM, in an attempt to coerce the Plaintiff to pay a debt, Plaintiff has sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

45.     Plaintiff's damages have continued and are continuing as of the filing of this Complaint.

46.     All conditions precedent to the filing of this action have occurred.

47.     Defendant willfully or knowingly violated the TCPA, FDCPA and FCCPA.

**COUNT I**
**(Violation of the FCCPA- VERIZON)**

48.     Plaintiff incorporates Paragraphs one (1) through forty-seven (47) above as though fully stated herein.

49.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

50.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

51.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

52.     Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

53.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of statutory damages and actual damages in the form of mental anguish, fear, worry, embarrassment, anger and frustration, as described by Florida Statute §559.77.

        **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the TCPA - RPM)**

54.     Plaintiff incorporates Paragraphs one (1) through forty- seven (47) above as though fully

7

stated herein.

55.      Defendant placed at least one-hundred (100) non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C §227(b)(1)(A)(iii).

   **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, and any other such relief the court may deem just and proper.

### COUNT III
### (Violation of the FCCPA- RPM)

56.      Plaintiff incorporates Paragraphs one (1) through forty- seven (47) above as though fully stated herein.

57.      At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

58.      Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor with such frequency as can reasonably be expected to harass the debtor.

59.      Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

60.      Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

61.      Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

62.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of statutory damages and actual damages in the form of mental anguish, fear, worry, embarrassment, anger and frustration, as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### (Violation of the FDCPA- RPM)

63.     Plaintiff incorporates paragraphs one (1) through forty- seven (47) above as though fully stated herein.

64.     At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

65.     Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

66.     Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

67.     Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which she does not owe.

68.     Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Amanda J. Allen*
Amanda Allen, Esquire
Florida Bar #:  0098228
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
AAllen@ForThePeople.com
Attorney for Plaintiff